UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

January 15, 2020

## LETTER OPINION

**Re:** *Demetria Padua Guiuan v. Wells Fargo Bank, N.A., et al.*
**Civil Action No. 18-11423 (ES)**

Dear Parties:

Before the Court is appellees Wells Fargo Bank, N.A., Wells Fargo Home Mortgage (together, "Wells Fargo"), and HMC Assets, LLC's ("HMC") (collectively, "Appellees") motion to dismiss *pro se* appellant Demetria Padua Guiuan's ("Appellant") bankruptcy appeal. (D.E. No. 9). The Court has considered the relevant submissions and decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons that follow, the Court grants Appellees' motion.

*Background*. The history between these parties goes back more than a decade, starting in April of 2006 when Appellant defaulted on the mortgage to her home. *Wells Fargo Bank, N.A. v. Guiuan*, No. A-3889-14T2, 2016 WL 5400473, at *1 (N.J. Super. Ct. App. Div. Sept. 28, 2016). This matter appears to be the latest attempt by Appellant to stall the foreclosure of her residence. On May 5, 2017, Appellant filed a Chapter 13 voluntary petition with the Bankruptcy Court. *In re Demetria Padua Guiuan*, Bankruptcy Petition No. 17-19453, D.E. No. 1 (Bankr. D.N.J.) (hereinafter ("*Bankruptcy Petition* No. 17-19453")). After Wells Fargo filed a proof of claim for $613,337.23 secured by a lien on Appellant's residence, Appellant filed an Adversary Complaint against Appellees. (*Id.* at D.E. No. 196; *Demetria Padua Guiuan v. Wells Fargo Bank, N.A., et al.*, Adversary Proceeding No. 17-1711, D.E. No. 1 (Bankr. D.N.J.) (hereinafter ("*Adversary Proceeding* No. 17-1711")). Thereafter, Appellees moved to dismiss the Adversary Proceeding, and the Bankruptcy Court granted the motion on April 30, 2018. (*Adversary Proceeding* No. 17-1711, D.E. Nos. 16–18). The Bankruptcy Court subsequently denied Appellant's motion for reconsideration on June 13, 2018. (*Id.*, D.E. No. 22).

On June 22, 2018, Appellant filed a Notice of Appeal initiating this action. (D.E. No. 1; *see also Adversary Proceeding* No. 17-1711, D.E. No. 25). Notably, the Notice of Appeal challenges only the June 13, 2018 Order denying her motion for reconsideration; it does not challenge the April 30, 2018 Order dismissing the Adversary Proceeding. (D.E. No. 1). On July

1

6, 2018, Appellant filed a statement of issues and designation of record on appeal. (D.E. No. 2).[1] Relevant here, the designation of record specifically notified the parties that pursuant to Federal Rule of Bankruptcy Procedure 8018(a), "[A]ppellant must serve and file a brief within 30 days" of the docketing of the designation of record. (*See id.*). Appellant missed that deadline, and in fact never submitted her brief in support of her appeal.

On or about August 27, 2018, Appellant mailed to Appellees a "Motion to Withdraw Notice of Appeal," which requested that the Court dismiss her appeal. (D.E. No. 6-1). Appellant did not, however, file this motion with the Court. On November 18, 2018, Appellees filed a letter requesting that the Court close this appeal in light of Appellant's August 27th request. (D.E. No. 6). Seeking clarification, the Court then ordered Appellant to file a letter by December 27, 2018 "indicating the status of this matter and whether she desire[d] to withdraw her appeal." (D.E. No. 7). Thereafter, Appellant filed a letter explaining that she had mailed the motion to withdraw because this appeal was "pushing back the confirmation of [her] Chapter 13 Plan." (D.E. No. 8). Nevertheless, Appellant reneged on her motion and instead requested that the Court not dismiss her appeal. (*Id.*).

Up until that point, over six months since the filing of the Notice of Appeal, Appellant had done nothing to prosecute her appeal and had missed the deadline to file her moving brief in support of the appeal. Following Appellant's letter, four months passed and Appellant, again, did nothing to prosecute her appeal. Thus, Appellees filed the instant motion to dismiss for lack of prosecution. (D.E. No. 9). A week after the deadline to file her opposition had passed, Appellant filed a motion seeking an extension of time to file her response. (D.E. No. 10). On June 3, 2019, Appellant filed an opposition without permission. (D.E. No. 12).[2] Although she labels her brief as an "Objection to Dismiss Appeal and Cross-Motions to Vacate Adversary Complaint Dismissal with Prejudice and to Stay Defendant's Motion for Relief from Automatic Stay Pending Appeal," the brief is at times confusing and incoherent, and appears to only address Appellee's motion to dismiss. (*See generally id.*). Thus, as of the date of this decision, Appellant has not filed anything in support of the merits of her appeal.

***Legal Standard***. An appellee may move to dismiss a bankruptcy appeal where the appellant fails to file and serve a brief within the time limits set forth in Rule 8018 or otherwise set by the Court. Fed. R. Bankr. P. 8018(a)(4). The Court, in its discretion, may dismiss a bankruptcy appeal for lack of prosecution. *In re New Century TRS Holdings, Inc.*, 619 F. App'x 46, 48 (3d Cir. 2015) (citing *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *In re Jewelcor, Inc.*, 11 F.3d 394, 397 (3d Cir. 1993); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984)).

To dismiss a bankruptcy appeal for lack of prosecution, the Court must consider six factors: (i) "the extent of the party's personal responsibility;" (ii) the prejudice caused to adversaries caused by appellant's failure to prosecute; (iii) the party's "history of dilatoriness"; (iv) "whether the conduct of the party or the attorney was willful or in bad faith;" (v) effectiveness of other sanctions;

---

[1] Appellees filed a counter-designation of record on appeal on July 27, 2018. (D.E. No. 3).
[2] Although Appellant filed the brief outside the deadline without permission from the Court, the Court has nonetheless considered Appellant's opposition in the interest of completeness.

and (vi) "meritoriousness of the claim or defense." *Emerson*, 296 F.3d at 190 (citing *Poulis*, 747 F.2d at 868). It is not necessary that all six factors weigh in favor of dismissal for the Court to dismiss the action. *See In re New Century TRS Holdings, Inc.*, 619 F. App'x at 49 (citing *Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988)).

*Analysis*. Having reviewed the parties' submissions, the Court finds that the *Poulis* factors favor dismissal. *First*, the record demonstrates that Appellant is personally responsible for her failure to prosecute this action. In particular, an appellant proceeding *pro se* is personally responsible for delays in her case and is solely responsible for the progress of her case. *See In re New Century TRS Holdings, Inc.*, 619 F. App'x at 48; *Emerson*, 296 F.3d at 190. Thus, Appellant has the sole duty to prosecute this appeal, and she is personally responsible for the failure to timely file the required briefs and otherwise prosecute this action. Appellant, however, offer no valid excuse for her failure to prosecute this appeal. (*See* D.E. No. 12 at 20–21). Moreover, Appellant is an experienced litigator and is well-aware of the requirements and deadlines set out by the Federal Rules of Civil and Bankruptcy Procedure. (*See infra* note 3). Accordingly, this factor weighs in favor of dismissal. *See, e.g.*, *In re 40 Lakeview Drive, LLC*, No. 15-14692, 2018 WL 10150481, at *2 (D.N.J. June 28, 2018) ("The Appellant is well-aware of the requirements and deadlines set forth in the Federal Rules of Bankruptcy Procedure, in view of this past experience. Thus, the Appellant is personally responsible for the failure to timely proceed with the prosecution of her appeal."); *Bembry-Muhammad v. Greenberg*, No. 15-8829, 2016 WL 4744139, at *2 (D.N.J. Sept. 12, 2016) (dismissing appeal where "the Appellant is proceeding *pro se*, the duty to properly prosecute the appeal fell on her, and thus she is personally responsible for the failure to timely perfect this appeal and to properly serve the Appellee").

*Second*, Appellees are suffering prejudice as a result of Appellant's failure to prosecute. Dismissal is warranted when "delays in the case, [cause creditors] to expend resources to address the delay and [the appellant's] failures in meeting deadlines instead of defending the appeal on the merits." *In re New Century TRS Holdings, Inc.*, 619 F. App'x at 48; *see also Bembry-Muhammad*, 2016 WL 4744139 at *2 ("[C]reditors would be prejudiced at this juncture if this Court were to allow the appeal to proceed several months after it was supposed to be perfected."). Here, the prejudice to HMC in particular is tangible. HMC has moved for relief from the automatic stay in the underlying bankruptcy action in order to pursue state court remedies, such as taking the property at issue to sheriff's sale. (*See Bankruptcy Petition* No. 17-19453, D.E. No. 85). However, the divestiture rule has divested the Bankruptcy Court of jurisdiction to grant such relief since this action is directly related to the requested stay relief. (*See id*, D.E. No. 196). Thus, HMC is essentially trapped litigating an appeal that Appellant has not bothered to prosecute, while at the same time being unable to obtain relief from the Bankruptcy Court in order to exercise its rights and remedies under the terms of the mortgage.

*Third*, Appellant has a history of dilatoriness. Appellant failed to file her moving brief within 30 days after the docketing of the notice that the record had been transmitted, in violation of Rule 8018(a). (*See* D.E. No. 2; Fed. R. Bankr. P. 8018(a)). In fact, after initiating this action Appellant took no action to prosecute this case for over five months. Instead, she apparently mailed Appellees (but did not file with the Court) a motion withdrawing her appeal, only to subsequently backtrack on that request. (D.E. Nos. 6 & 8). After her December 27, 2018 letter,

Appellant again did nothing for over four months, resulting in Appellees filing the instant motion. (*See* D.E. No. 9). Thereafter, Appellant also missed her deadline to file an opposition to Appellees' instant motion, choosing instead to file a motion to extend the deadline a week after her deadline to file an opposition had passed. (D.E. No. 10). Thus, the record before the Court demonstrates that Appellant has a history of dilatoriness and failure to prosecute this action.[3]

*Fourth*, Appellant's failure to prosecute is willful. To determine if a litigant's delay is willful or in bad faith, the Court may consider whether the litigant has as justification for her failure to prosecute, whether extensions have been requested, and other conduct that may be indicative of the litigant's motives. *See In re New Century TRS Holdings, Inc.*, 619 F. App'x at 48 (affirming finding of willful delay where litigant had medical excuse but she submitted other filings, ignored warnings, and filed multiple extension requests); *Bembry-Muhammad*, 2016 WL 4744139 at *2 (finding willful delay where litigant ignored warnings from Court and was an experienced litigant). Here, Appellant is an experienced litigator. Indeed, she has been litigating the foreclosure of her residence and the bankruptcy action for more than a decade. (*See supra* note 3). Moreover, Appellant offers no valid justification for her failure to prosecute this action. (*See generally* D.E. No. 12). Thus, the Court finds that Appellant has been willful in her failure to prosecute this action.

*Fifth*, dismissal is the most appropriate sanction in this case. The fifth factor looks at whether the imposition of alternative (e.g., monetary) sanctions will be an effective alternative to dismissal. *Bembry-Muhammad*, 2016 WL 4744139 at *2. Because Appellant is proceeding *pro se* and has sought bankruptcy relief, it appears that monetary sanctions will not be an effective alternative to dismissal. *See, e.g.*, *Bembry-Muhammad*, 2016 WL 4744139 at *2; *see also In re New Century TRS Holdings, Inc.*, 619 F. App'x at 48 (citing *Emerson¸* 296 F.3d at 191)). In fact, Appellant agrees that monetary sanctions are inappropriate in this case, and does not appear to dispute that dismissal is the most appropriate sanction. (*See* D.E. No. 12 at 34–36).

*Sixth*, and most importantly, Appellant's appeal is simply without merit. As noted above, Appellant appeals the Bankruptcy Court's June 13, 2018 Order denying her motion for reconsideration. (D.E. No. 1). But the Bankruptcy Court properly denied the motion for

---

[3] The Court notes that Appellant has a long history of filing questionable applications in state and federal courts, and this appeal is far from the first time that Appellant has attempted to litigate the issues raised by the underlying Adversary Complaint. *See, e.g.*, *Wells Fargo Home Mortgage v. Demetria Guiuan, et al.*, No. F-12019-06 (N.J. Sup. Ct. Ch. Div. Essex Cnty.) (final judgment in foreclosure action entered Mar. 20, 2007); *In re Demetria Padua Guiuan, Bankruptcy Petition*, No. 07-20736 (Bankr. D.N.J.) (bankruptcy case terminated Dec. 28, 2007); *In re Demetria Padua Guiuan, Bankruptcy Petition*, No. 07-28199 (Bankr. D.N.J.) (bankruptcy case terminated May 2, 2008); *In re Demetria Padua Guiuan, Bankruptcy Petition*, No. 08-21742 (Bankr. D.N.J.) (bankruptcy case terminated July 27, 2009); *Demetria Padua Guiuan v. Wells Fargo Bank, N.A.*, No. 08-5180 (D.N.J.) (bankruptcy appeal dismissed July 14, 2009); *Demetria Guiuan v. Wells Fargo Bank, N.A., et al.*, No. 10-3901 (D.N.J.) (case dismissed pursuant to the *Rooker-Feldman* doctrine on Nov. 18, 2010, as a collateral attack on the underlying foreclosure action); *Wells Fargo Bank, N.A. v. Demetria Guiuan, et al.*, No. F-024967-12 (N.J. Sup. Ct. Ch. Div. Essex Cnty.) (final judgment entered in foreclosure action on Feb. 19, 2015); *Wells Fargo Bank, N.A. v. Demetria Guiuan*, No. A-3889-14T2 (N.J. Sup. Ct. App. Div.) (opinion affirming denial of motion to vacate final judgment in foreclosure action decided Sept. 28, 2016); *Wells Fargo Bank, N.A. v. Demetria Guiuan*, No. C-497 September Term 2016 078643 (N.J.) (denial of petition for certification filed Jan. 26, 2017); *Demetria Padua Guiuan v. Wells Fargo Bank, N.A., et al.*, Adversary Proceeding No. 17-1562 (Bankr. D.N.J.) (dismissed against Wells Fargo Bank, N.A. on Jan. 2, 2018).

reconsideration because it improperly reiterated arguments previously addressed and rejected by the Bankruptcy Court. (*Adversary Proceeding* No. 17-1711, D.E. No. 22). Accordingly, Appellant failed to meet her burden under Federal Rules of Civil Procedure 59(e) and 60(b) and Federal Rules of Bankruptcy Procedure 9023 and 9024. *See, e.g.*, *In re Benjamin*, 580 B.R. 115, 117 (Bankr. D.N.J. 2018) ("A motion for reconsideration may be granted only where (i) there has been an intervening change in controlling law; (ii) new evidence has become available; or (iii) there is a need to prevent manifest injustice or to correct a clear error of fact or law."); *In re Barksdale*, No. 13-25477, 2015 WL 9700952, at *7 (Bankr. D.N.J. Nov. 10, 2015) ("A motion for reconsideration cannot be used as a vehicle to reargue the motion or to present evidence which should have been raised before." (internal quotation marks omitted)).

Moreover, the Court further finds that the Bankruptcy Court's underlying April 30, 2018 Order properly granted Appellees' motion to dismiss the Adversary Complaint. Among other things, the Bankruptcy Court found that Counts II through VIII were barred by the *Rooker-Feldman* doctrine since (i) Appellant was a state-court loser in the underlying foreclosure action; (ii) the final judgment of foreclosure was entered long before she filed the Adversary Complaint; (iii) Appellant's Adversary Complaint asserted injuries caused by the foreclosure judgment, including physical and emotional distress; and (iv) Appellant sought an order from the Bankruptcy Court that would directly require the Bankruptcy Court to reconsider and invalidate the state court's foreclosure judgment. (*Adversary Proceeding* No. 17-1711, D.E. No. 17 at 39:10–41:48; *see also id.*, D.E. No. 1 at 41–42 (requesting, among other things, that the Bankruptcy Court quiet title, invalidate the lien, void the mortgage and note, and void assignment of the mortgage)). The Court finds no error in the Bankruptcy Court's well-reasoned analysis since adjudication of these claims would have required the Bankruptcy Court to engage in improper appellate review of the state-court's judgment. *See, e.g.*, *Willoughby v. Zucker, Goldberg & Ackerman, LLC*, No. 13-7062, 2014 WL 2711177, at *4 (D.N.J. June 16, 2014) (dismissing under *Rooker-Feldman* when the plaintiff was "challenging the right of the lender to have foreclosed on the property, [ ] seeking to litigate the validity of the foreclosure sale, [ ] seeking to circumvent the state court's denial of her request for an accounting, and [ ] relitigating the redemption value of her home").[4]

---

[4] The Bankruptcy Court also held that to the extent *Rooker-Feldman* did not apply to these claims, the claims were barred by the doctrines of entire controversy, res judicata, and collateral estoppel. (*Adversary Proceeding* No. 17-1711, D.E. No. 17 at 42:00–1:00:30). The Court concurs with the Bankruptcy Court's well-reasoned analysis. In particular, the entire controversy doctrine bars claims brought in federal court "when there was a previous state-court action involving the same transaction." *Ricketti v. Barry*, 775 F.3d 611, 613 (3d Cir. 2015). Under this doctrine, "all claims [and defenses] emanating from a transaction, or a related series of transactions, must be joined in a single proceeding." *Delacruz v. Alfieri*, 145 A.3d 695, 700 (N.J. Super. Ct. 2015). Relevant here, parties to a foreclosure action must raise all claims and defenses that are germane to the foreclosure within the foreclosure action. *Id.* at 707. Claims are germane when they arise out of the mortgage transaction, such as disputes over the validity of the loan documents. *Id.*; *Coleman v. Chase Home Fin., LLC ex rel. Chase Manhattan Mortg. Corp.*, 446 F. App'x 469, 471–73 (3rd Cir. 2011).

Undoubtably, the claims raised by Counts II through VIII of the Adversary Complaint (which raise disputes as to the validity of the lien, validity of the mortgage instrument and contract, validity of the assignment, the title to the property, and alleged fraudulent and unfair business practices by Wells Fargo in connection with the mortgage (*see Adversary Proceeding* No. 17-1711, D.E. No. 1 ¶¶ 84–153)) are all germane to the underlying foreclosure proceedings. *See Willoughby*, 2014 WL 2711177, at *5 n.5 (quoting *LaSalle Nat. Bank v. Johnson*, No. F-12888-05, 2006 WL 551563, at *2 (N.J. Super. Ct. Ch. Div. Mar. 3, 2006) (noting that claims germane to a foreclosure action include "payment and discharge, failure of consideration, incorrect computation of the amounts due, fraud, mistake,

5

As to the remaining claims, the Bankruptcy Court found that Appellant failed to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). For instance, Appellant asserted that the mortgage at issue is the property of the bankruptcy estate, and thus, Wells Fargo's transfer of the equitable interest in the property to HMC violated the Bankruptcy Code's automatic stay provision. (*Adversary Proceeding* No. 17-1711, D.E. No. 1 ¶¶ 78–83 & 154–56). As the Bankruptcy Court held, however, the mortgage is not the property of Appellant or the bankruptcy estate, and the assignment of a mortgage and note do not violate the automatic stay provision. (*See id.*, D.E. No. 17 at 1:00:40–1:03:12 (citing *In re Garcia*, No. 10-23707, 2011 WL 2551184, at *3 (Bankr. D.N.J. June 24, 2011); *In re Ahmadi*, 467 B.R. 782, 792 (Bankr. M.D. Pa. 2012); *In re Cook*, 457 F.3d 561, 568 (6th Cir. 2006); *Kapila v. Atlantic Mortgage & Investment Corp.*, 184 F.3d 1335, 1337 (11th Cir. 1999)). Similarly, Appellant's contentions that Wells Fargo lacked standing to file the proof of claim after the transfer is equally meritless. As the Bankruptcy Court explained, Wells Fargo had standing to file the proof of claim since Wells Fargo was the servicer of the loan and the foreclosing entity. (*See Adversary Proceeding* No. 17-1711, D.E. No. 17 at 1:03:15–1:10:47); Fed. R. Bankr. P. 3001(b); *In re Merritt*, 702 F. App'x 90, 94 (3d Cir. 2017) ("[[T]he authority of a servicer to file a proof of claim is expressly authorized by the rules of court." (quotation marks omitted)).

Accordingly, the sixth factor weighs heavily in favor of dismissal. *See, e.g.*, *Mullarkey v. Tamboer*, No. 09-4518, 2009 WL 5205963, at *19 (D.N.J. Dec. 23, 2009); *Mondelli v. Berkley Realty Partners No. 244, LLC*, No. 08-1582, 2008 WL 3843268, at *5 (D.N.J. Aug. 14, 2008), *aff'd sub nom. In re Mondelli*, 349 F. App'x 731 (3d Cir. 2009).

*Conclusion*. In short, Appellant's appeal is simply without merit and she inexcusably failed to prosecute this action for over ten months. Accordingly, the Court finds that the balance of the *Poulis* factors weigh in favor of dismissing the appeal. An appropriate Order accompanies this Letter Opinion.

<u>s/Esther Salas</u>
**Esther Salas, U.S.D.J.**

---

waste, credit for rental value of the mortgaged premises, usury, unjust enrichment, setoff, recoupment, non-compliance with regulatory pre-requisites to foreclosure, and abatement of the mortgage debt")). And in fact, Appellant raised, and the state-court decided, almost all of these same issues. *See Guiuan*, 2016 WL 5400473, at *3. Moreover, Appellant had a fair and reasonable opportunity to fully litigate these claims in the original action, having not only vigorously litigated the foreclosure action, but then also having appealed the state court's judgment all the way to the New Jersey Supreme Court. *See Wells Fargo Bank, N.A. v. Guiuan*, 158 A.3d 1178 (N.J. 2017). Therefore, all these claims are precluded by the preclusion doctrines, including the entire controversy doctrine. *See, e.g.*, *Coleman v. Chase Home Fin., LLC*, 446 F. App'x. 469, 472 (3d Cir. 2011).